# PELTON & ASSOCIATES PC

### ATTORNEYS AT LAW

111 BROADWAY, SUITE 1503, NEW YORK, NY 10006
PHONE: (212) 385-9700 | FAX: (212) 385-0800 | WEBSITE: www.peltonlaw.com

**BRENT E. PELTON**                    February 29, 2016
E-MAIL: pelton@peltonlaw.com

**VIA ECF**

Honorable Peggy Kuo
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Victor Zhirzhan, et al. v. AGL Industries, Inc., et al.*
      <u>Civil Action No. 14 Civ. 07567 (JBW)(PK)</u>

Dear Judge Kuo:

   This firm represents Plaintiffs in the above-referenced action.  Defendants' February 25, 2016 pre-motion letter (Dkt. No. 70) is merely the latest in a series of meritless and obstructionist filings by the AGL Defendants.  Because Defendants have failed to cite any order of the Court Plaintiffs have violated, cite any remotely relevant caselaw, or show any harm that they have suffered due to the complained-of communication, Defendants' request for sanctions, briefing or a pre-motion conference should be denied in its entirety.

### <u>Plaintiffs' Communications with Potential Plaintiffs Have Been In Accordance with Court Orders and FLSA Practice in this Circuit</u>

   Both the Report & Recommendation of Judge Pohorelsky (Dkt. No. 49) recommending the Court grant Plaintiffs' 216(b) motion, including production of telephone numbers, (affirmed by Dkt. No. 56) and prevalent FLSA practice in this Circuit permit Plaintiffs to contact putative Collective Action Members for the purpose of procuring a valid address for Plaintiffs to send opt-in information.

   The Report & Recommendation specifically required Defendants to provide Plaintiffs with telephone numbers (including cell phone numbers) and notes that the Court "finds it proper… for plaintiffs to use [email addresses] if other attempts to provide notice prove unsuccessful." (Report & Recommendation, Dkt. No. 49, at 16-18). Courts have repeatedly recognized that plaintiffs' counsel may require telephone numbers in order to contact plaintiffs who may otherwise be unreachable. *See*, *e.g.*, *Cortes v. New Creators, Inc.*, No. 15-cv-5680, 2015 U.S. Dist. LEXIS 153730, at *12 (S.D.N.Y. Nov. 12, 2015) (ordering production of telephone numbers for employees who would not receive effective notice from in-store posting). Indeed, courts have expressly ordered that telephone numbers be produced "to enable Plaintiffs

Honorable Peggy Kuo
February 29, 2016
Page **2** of **4**

to locate such individual by phone" where opt-in notices are returned as undeliverable. *Lewis v. Alert Ambulette Serv. Corp.*, No. 11-cv-442, 2012 U.S. Dist. LEXIS 6269, at *42, Appx. A (E.D.N.Y. Jan. 19, 2012).

In their Opposition to Plaintiffs' 216(b) Motion, Defendants made the very same argument as they do now regarding alleged violations of the Rules of Professional Conduct. *See* Dkt. No. 26 (Def. Opp.) at 14-15 ("Since it would violate Rule 7.3 of the New York Rules of Professional Conduct for Plaintiffs' counsel to solicit potential opt-ins by telephone, Defendants should not be ordered to produce telephone numbers [ ]. In fact, the mere fact that Plaintiffs are asking for telephone numbers shows Plaintiffs' counsels' desire to violate the Rules of Professional Conduct."). Their unsupported attack on our office was rejected by the Court when the Defendants were required to produce telephone numbers (*see* Dkt. No. 49) and it should likewise be rejected here.[1]

Plaintiffs have done no more than authorized by this Court and practice in this Circuit and have not violated any Order of the Court. *See Forauer*, 2013 U.S. Dist. LEXIS 164167, at *9 ("neither party has violated the court's order…. because nothing in that Opinion and Order expressly prohibited the parties from communication with potential class members"). Plaintiffs mailed Opt-In Notices and Consents to the addresses provided by Defendants. It is counsel's practice that, when a Notice and Consent is returned as undeliverable, Plaintiffs then run a skip trace search on LexisNexis in order to find a more recent address. If a more recent address is found, Plaintiffs send the Opt-In Notice and Consent to that address. If the Notice and Consent is again returned as undeliverable, or if no more recent address can be found, only then, if authorized by the Court, do Plaintiffs reach out to potential Collective Action Members by telephone for the limited purpose of obtaining an updated address. Plaintiffs followed this procedure in this action.

As Defendants' translation and transcription of the voicemail makes clear, counsel's intent was to procure a recent address for the employee in order to send the Opt-in Notice and Consent materials to the employee. Any inartful wording on counsel's part is more than ameliorated by the language of the Opt-in Notice, which expressly sets forth the fact that the Court has not made any decision as to the merits of Plaintiffs' claims. Because the voicemail was made for a proper purpose and the Opt-in Notice explains in great detail the preliminary posture of this matter, there is little danger that the employee who received the message would be seriously confused or misled. *See, e.g.*, *Equinox Holdings*, 2014 U.S. Dist. LEXIS 58724, at *3; *Forauer*, 2013 U.S. Dist. LEXIS 164167, at *12.

---

[1] Defendants' attempt to restrict Plaintiffs' communications with potential Collective Action/Class Members ignores the Supreme Court's decision in *Gulf Oil Co. v. Bernard*, 452 U.S. 89 (1981), where the Court concluded that any "order limiting communications should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.*, at 100. Any such restrictions must be narrowly tailored to avoid specifically-enumerated abuses. *Id.*; *see also Forauer v. Vt. Country Store, Inc.*, No. 5:12-cv-276, 2013 U.S. Dist. LEXIS 164167, at *9 (D.Vt. Nov. 19, 2013) ("*Gulf Oil* instructs that parties retain their ability to communicate with potential class members absent a court-ordered restriction.")

Honorable Peggy Kuo
February 29, 2016
Page **3** of **4**

Finally, Defendants baselessly argue that Plaintiffs made such a call to the sole AGL employee who opted in during the sixty (60) day opt-in period. While it would have been entirely proper for Plaintiffs to do so after following the steps outlined above, Plaintiffs did not in fact telephone Mr. Sarran in order to locate him. Plaintiffs received an address from the AGL Defendants that was approximately six (6) years old and therefore Mr. Sarran did not receive the Opt-In Notice and Consent mailed by Plaintiffs. However, Mr. Sarran heard about the action from a co-worker and reached out to Plaintiffs to learn more about the litigation.[2]

## Defendants Have Cited No Precedent or Justification for Extreme Sanctions

This is not the first instance that Defendants have sought the extreme sanction of disqualification of Plaintiffs' counsel. Now, as then, Defendants fail to support their request with any showing that Plaintiffs have violated Court orders, let alone relevant caselaw.

As an initial matter, Defendants have "provided no basis on which to disqualify plaintiff's counsel." *Bowens v. Atl. Maint. Corp.*, 546 F. Supp. 2d 55, 80 (E.D.N.Y. Mar. 14, 2008). In Defendants' letter, they have "not cited a single case in which the type of statements and action cited as the basis for defendants' motion have been found sufficient to justify disqualification." *Id.* For this reason alone, the Court should deny Defendants' request. *See id.*

As discussed in Plaintiffs' response to Defendants' earlier meritless motion for disqualification, the Eastern District of New York has recognized three grounds on which an attorney could be disqualified, and Defendants have cited none of those. *See Spagnuoli v. Louie's Seafood Rest., LLC*, 20 F. Supp. 3d 348, 355 (E.D.N.Y. 2014). The "'[m]ere appearance of impropriety will not alone serve as a sufficient basis for granting a disqualification motion. Rather, the motion will be granted only if the facts present a real risk that the trial will be tainted.'" *Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010) (alteration in original) (quoting *United States Football League v. National Football League*, 605 F. Supp. 1448, 1452 (S.D.N.Y. 1985)). Alleged solicitation of plaintiffs is not relevant to any of these factors and, especially without any factual support whatsoever, does not warrant disqualification. *See Spagnuoli*, 20 F. Supp. 3d at 359 ("even assuming that [counsel] did improperly solicit clients, such a violation… would not, in the Court's view, support disqualification").

Moreover, Defendants can show no prejudice incurred by Plaintiffs' actions. As discussed above, Mr. Sarran was the sole AGL employee to join this action during the sixty (60) day opt-in period, and Plaintiffs made no such telephone call to Mr. Sarran. The opt-in period is now closed. Defendants' assertion that they are entitled to their defense costs is, like the rest of their request, totally unsupported. Defendants' speculation as to the motivations behind Plaintiffs' settlement position is ludicrous and wholly without foundation.

---

[2] When Mr. Sarran contacted Plaintiffs, Plaintiffs learned that AGL had held a meeting with all employees in or around the summer of 2015, at which time they required employees to fill out paperwork with their current addresses. In producing a six-year-old address for Mr. Sarran, the AGL Defendants knowingly and willfully thwarted the Court's order authorizing Plaintiffs to notify potential plaintiffs of their opportunity to join this matter.

Honorable Peggy Kuo
February 29, 2016
Page **4** of **4**

\*         \*         \*

We appreciate Your Honor's attention to this matter. Should you have any questions regarding this submission, please feel free to contact the undersigned.

Respectfully submitted,

*/s/ Brent E. Pelton*

Brent E. Pelton, Esq. of
PELTON & ASSOCIATES PC

cc: All Counsel (via ECF)