# MILMAN LABUDA LAW GROUP PLLC
### 3000 MARCUS AVENUE
### SUITE 3W8
### LAKE SUCCESS, NEW YORK 11042
### TELEPHONE (516) 328-8899
### FACSIMILE (516) 328-0082

Author: Jamie S. Felsen - Partner
Direct E-Mail Address: jamiefelsen@mllaborlaw.com
Direct Dial: (516) 303-1391

**Via ECF**

March 1, 2016

Honorable Peggy Kuo, U.S.M.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  **Zhirzhan, et al. et al v. AGL Industries, Inc., et al.**
> **Case No. 14-CV-7567 (JBW)(PK)**
> **MLLG No.: 2-2015**

Dear Judge Kuo:

This firm represents Defendants, AGL Industries, Inc., Dominick Lofaso, Frank Lofaso, and Santo Lofaso (the "AGL Defendants") in the above-referenced matter. This shall serve as the AGL Defendants' reply in further support of their motion to disqualify Pelton & Associates and for the issuance of monetary sanctions.

Pelton & Associates concedes that they made telephone calls to former and current AGL employees. Moreover, Pelton & Associates does not dispute the contents of the transcription of the message wherein Pelton & Associates told the employee that they have a case against AGL because AGL "aren't paying correctly." This is not only untrue; it is slanderous and intended to encourage and solicit AGL's current and former employees to join the lawsuit. Pelton & Associates has gone over the line.

Pelton & Associates argues that they were permitted to make these calls because they did not violate any Court Order. The September 15, 2015 Court Order directed the AGL Defendants to produce, *inter alia*, last known telephone numbers for former and current AGL employees. However, the Court did not permit Pelton & Associates to use the produced telephone numbers to contact former and current AGL employees via telephone to solicit them to join this lawsuit as such conduct violates Rule 7.3 of the New York Rules of Professional Conduct.

Here, Pelton & Associates is not attempting to communicate with current and future AGL employees for the purpose of obtaining information regarding Plaintiffs' claims nor are they merely requesting updated addresses from them. The purpose of Pelton & Associates'

Honorable Peggy Kuo, U.S.M.J.
United States District Court Eastern District of New York
March 1, 2016
P a g e | **2**

telephonic communications with current and future AGL employees is to solicit them to join this lawsuit by incorrectly telling them that the AGL Defendants "aren't paying correctly", which statement contravenes the purpose of the court-authorized notice that was twice issued to current and future AGL employees by Pelton & Associates.

In their February 29, 2016 letter to the Court, Plaintiffs concede that Pelton & Associates informed former and current AGL employees via telephone that AGL does not pay correctly. Pelton & Associates conveniently attempts to push this blatant misrepresentation used to solicit employees (at a time where not one individual had opted into the case following distribution of the collective action notice) under the rug as "inartful wording" that is "more than ameliorated by the language of the Opt-in Notice." Pelton & Associates knew exactly what they were doing when they made these phone calls. They were caught and they must pay the price. The recipients of these telephone calls – manual laborers – would reasonably believe that the messages were informing them that AGL doesn't pay its employees correctly and that the Court has reached this conclusion. The purpose of the court-authorized notice is to prevent this confusion.

Pelton & Associates cites to Gulf Oil Co. v. Bernard, 452 U.S. 89 (1981). However, Gulf Oil does not protect Pelton & Associates, it incriminates them. Gulf Oil held that:

> More specifically, the question for decision is whether the limiting order entered in this case is consistent with the general policies embodied in Rule 23, which governs class actions in federal court. Class actions serve an important function in our system of civil justice. They present, however, opportunities for abuse as well as problems for courts and counsel in the management of cases. Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties. But this discretion is not unlimited, and indeed is bounded by the relevant provisions of the Federal Rules. Moreover, petitioners concede, as they must, that exercises of this discretion are subject to appellate review.

Id. at 99-101 (internal citations omitted).

Gulf Oil further held that:

> The potential abuses associated with communications to class members [include] heightened susceptibilities of nonparty class members to solicitation amounting to barratry as well as the increased opportunities of the parties or counsel to 'drum up' participation in the proceeding …[and] unapproved communications to class members that misrepresent the status or

Honorable Peggy Kuo, U.S.M.J.
United States District Court Eastern District of New York
March 1, 2016
P a g e | **3**

> effect of the pending action also have an obvious potential for
> confusion and/or adversely affecting the administration of justice.

Id. at 101 (internal citations and quotations omitted).

Thus, Gulf Oil precludes the conduct engaged in by Pelton & Associates in this case.

Plaintiffs' reliance on Forauer v. Vt. Country Store, Inc., 2013 U.S. Dist. LEXIS 164167 (D. Vt. Nov. 19, 2013) is misplaced and distinguishable from the facts in this case. In Forauer, following distribution of the collective action notice, the plaintiffs' counsel sent a postcard reminding current and former employees about their right to join the lawsuit, similar to the reminder notice that the Court in the instant matter approved, and which Pelton & Associates sent. Unlike in Forauer, in this case, Pelton & Associates has (1) contacted current and former AGL employees telephonically (not via postcards); and (2) stated that the AGL Defendants do not pay their employees correctly. Also in Forauer, the postcards directed the recipients to a web page that suggested to the recipients that the court issued a final determination that the lawsuit would proceed as a collective action and that the court had essentially endorsed the merits of the action. The Court held that this undermined judicial neutrality and could be misleading or confusing to potential class members. Id. at 17. Therefore, the Court granted the defendant's motion for a protective order prohibiting the plaintiffs' counsel from making any statement to potential class members or existing class members that the court had ruled on the merits of the lawsuit or otherwise endorsed the parties' positions. Id.

Similarly, in Johnson v. Equinox Holdings, Inc., 2014 U.S. Dist. LEXIS 58724 (S.D.N.Y. Apr. 28, 2014), plaintiffs' counsel contacted former and current employees of the defendant by e-mail, not by telephone (as Pelton & Associates has done in this case), and the communications occurred prior to class certification.

The misrepresentations made by Pelton & Associates during its improper solicitations creates confusion to former and current AGL employees[1] warranting disqualification of Pelton & Associates and the imposition of monetary sanctions to punish Pelton & Associates for its misconduct in this case and to prevent it in the future from engaging in improper solicitations – conduct in which they concede they engaged in this case. Indeed, Pelton & Associates concedes that it routinely contacts current and former employees of other defendants via telephone in all of their wage and hour litigation. It is likely that in all wage and hour litigation, Pelton & Associates provides its paralegals with the same improper script that it utilized in this case from which it reads when contacting individuals via telephone. Severe punitive sanctions are warranted to punish Pelton & Associates for its past and current misconduct and to prevent Pelton & Associates from engaging in this misconduct in the future.

---

[1] To the extent that Mr. Sarran, who now lives in Ohio, recently heard about this case through a coworker because Pelton & Associates directed that coworker to telephone Mr. Sarran, Pelton & Associates has, once again, violated Rule 7.3 of the New York Rules of Professional Conduct by having a third party do what Pelton & Associates itself is prohibited from doing.

Honorable Peggy Kuo, U.S.M.J.
United States District Court Eastern District of New York
March 1, 2016
P a g e | **4**

      Disqualification is warranted as the result of Pelton & Associates' violation of Rule 7.3 of the New York Rules of Professional Conduct, and Pelton & Associates' violation of Rule 7.3 in order to obtain more clients.   Moreover, the Court should revisit the issue raised by Defendants earlier in this case concerning Pelton & Associates' conflict of interest with the Plaintiffs and opt-ins.  The Court should conduct an evidentiary hearing regarding whether (1) Pelton & Associates conveyed Defendants' early desire to attempt to resolve this matter (and actual settlement offer) to the Plaintiffs and the opt-ins and (2) certain opt-ins provided Pelton & Associates with permission to delay filing their opt-in notices.

      Respectfully submitted,

      **MILMAN LABUDA LAW GROUP PLLC**

      <u>/s/ Jamie S. Felsen</u>

cc:  All Counsel of Record (via ECF)
     Clients (via e-mail)