# PELTON GRAHAM LLC

111 Broadway, Suite 1503, New York, New York 10006
T 212.385.9700 ‖ F 212.385.0800 ‖ www.PeltonGraham.com

**Taylor B. Graham, Esq.**
Graham@PeltonGraham.com

August 8, 2016

**VIA ECF**

Honorable Jack B. Weinstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Victor Zhirzhan, et al. v. AGL Industries, Inc., et al.*
      **Civil Action No. 14 Civ. 07567 (JBW)(PK)**

Dear Judge Weinstein:

This office represents plaintiffs in the above-referenced action. We write to respectfully request a pre-motion conference for plaintiffs' anticipated motion to enforce the parties' settlement agreement.

**Factual Basis for the Motion**

On May 18, 2016, the parties attended a full-day mediation session with experienced employment law mediator, Vivian Berger. While the parties were unable to reach a settlement on that day, the parties continued to negotiate the terms of the settlement over the next several weeks with the aid of Ms. Berger. Ultimately, on June 10, 2016, the parties reached a final agreement on the total settlement amount and the other material terms of the settlement. Counsel for defendants AGL Industries, Inc., Dominick Lofaso, Frank Lofaso, and Santo Lofaso (collectively "AGL") informed the Court regarding the parties' agreement and our intention to present to the Court for approval a settlement agreement of the Fair Labor Standards Act ("FLSA") claims. (*See* Dkt. No. 82).

Counsel for AGL forwarded a draft of the settlement agreement for the FLSA claims on June 23, 2016 and a draft settlement agreement for the non-FLSA claims on June 24, 2016. On June 29, 2016, counsel for AGL sent over a modified agreement with a revised paragraph concerning only AGL and defendant Hudson Meridian Construction Group, LLC ("Hudson Meridian"). On July 8, 2016, our office sent back to counsel for AGL and Hudson Meridian, plaintiffs' proposed edits to the settlement agreements and a draft motion for approval of the FLSA settlement. Plaintiffs' edits did not change the material terms of the settlement agreements but

largely involved the issuing of separate checks to plaintiffs and plaintiffs' counsel rather than a single check for the settlement payments.[1]

On or about July 21, 2016, our office received a phone call from counsel for AGL informing plaintiffs that AGL may not be willing to go through with the settlement because of the pending action against AGL titled, *Argueta v. AGL Industries, Inc., et al.*, Civil Action No. 16-cv-2011 (JBW)(PK) (the "Argueta Action"). This phone call from AGL's counsel was the first time that plaintiffs were made aware that there was another FLSA action pending against AGL for unpaid overtime. AGL's counsel however, was fully aware of the Argueta Action when he attended the mediation and had already entered an appearance in the Argueta Action during the time that the parties in this action were negotiating our settlement.

Our counsel reached out to AGL's counsel on several occasions via email and telephone during the week of July 25, 2016 and again on August 1, 2016. Finally, on August 1, 2016, AGL's counsel informed our office that his clients "have not yet decided if they will settle this case." On August 2, 2016, AGL's counsel notified our office that AGL informed him that they were "speaking with another lawyer." On August 3, 2016, AGL's counsel forwarded our office an email that he received from Mark Friedman, a corporate restructuring/bankruptcy attorney retained by AGL.

It is plain that the parties reached a settlement and agreed to all material terms of the settlement. AGL's decision to abandon the agreed-to settlement only came after their counsel was made aware of the intention by plaintiff in the Argueta Action to pursue that action on a collective and class basis and refusal to settle on an individual basis. Such a decision, after the settlement agreement was reached is not a valid basis for failing to execute and follow through with an agreed-to settlement that should be enforced.

**Legal Basis for the Motion**

"It is well established that parties are bound to the terms of a contract even though it is not signed [or even written]." *North Fork Country, LLC v. Baker Publ'ns, Inc.*, 436 F. Supp. 2d 441, 444-45 (E.D.N.Y. 2006) (quoting *Omega Eng'g, Inc. v. Omega SA*, 414 F. Supp. 2d 138, 148 (D. Conn. 2004), *aff'd* 432 F.3d 437 (2d Cir. 2005) (brackets in original) (citations omitted)). In other words, the mere "intention to commit an agreement to writing will not prevent contract formation prior to execution." *Winston v. Mediafare Entm't Cor.*, 777 F.2d 78, 80 (2d Cir. 1985). Thus, where a settlement agreement has not been reduced to writing, courts must determine whether the parties intended to be bound by the agreement in the absence of a writing. *Powell v. Omnicom*, 497 F.3d 124, 129 (2d Cir. 2007). The court may, in fact, enforce a settlement agreement that has not been fully executed where the parties have made clear their intention to settle and the conditions of the settlement. *See Mone v. Park East Sports Med. & Rehab., P.C.*, No. 99 CV 4990, 2001 U.S. Dist. LEXIS 19445, 2001 WL 1518263, at *2 (S.D.N.Y. Nov. 29, 2001) (citing *Winston v. Mediafare*

---

[1] We have not included the total settlement amount or other terms in this letter because the parties had agreed to have the settlement of the non-FLSA claims be confidential. If permitted to make our Motion, plaintiffs anticipate filing certain exhibits and portions of the motion under seal to prevent the disclosure of such terms.

*Entm't Corp.*, 777 F.2d 78, 80 (2d Cir. 1986)); *see also Ciaramella v. Reader's Digest Ass'n*, 131 F.3d 320, 322-23 (2d Cir. 1997).

In *Winston v. Mediafare Entm't Corp.*, the Second Circuit adopted a four-factor test to determine whether parties intended to be bound by a settlement agreement absent a document executed by both sides. 777 F.2d at 80. The factors are as follows: "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Id*. at 80-81. In evaluating these factors, the court may consider oral testimony, correspondence, and other writings. Id. No single factor is dispositive, but each provides significant guidance. *Id*.

Here, there was no express reservation of the right not to be bound in the absence of a writing. To the contrary, the parties agreed upon the material terms of the settlement via e-mail, agreed to draft the agreements for execution based on the terms that had been negotiated, and did in fact draft the agreements. There was partial performance of the agreement by AGL's counsel drafting the agreements and our office drafting the motion for approval of the FLSA settlement. There was further performance by AGL's counsel informing the Court of the settlement to place all other pending deadlines on hold. All of the material terms of the settlement have been agreed upon and were memorialized by e-mail and in the settlement agreements that were drafted by AGL's counsel. These material terms include: the total settlement amount and the amount of the installments; the timing of the settlement payments; the scope of the release for the settlement of the FLSA and non-FLSA claims; and the various other provisions of the settlements, including confidentiality for the settlement of the non-FLSA claims. Finally, this agreement is the type that is usually committed to writing yet it does not contain any complexities that would need to be reduced to writing beyond the written terms that the parties have agreed-to.

\*    \*    \*

Based on the above and the anticipated exhibits to be included with the Motion, the plaintiffs will be able to establish that the parties entered into a settlement agreement that should be enforced despite AGL's desire to renege on the agreement. Accordingly, we hereby respectfully request a pre-motion conference at the Court's earliest convenience to address plaintiffs' anticipated Motion to Enforce the Settlement Agreement.

We appreciate Your Honor's attention to this matter. Should you have any questions regarding this request, please feel free to contact the undersigned.

Respectfully submitted,

*/s/ Taylor B. Graham*

Taylor B. Graham, Esq. of
PELTON GRAHAM LLC

cc:    All counsel (via ECF)