# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NEW YORK 11042**

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Jamie S. Felsen - Partner
Direct E-Mail Address: jamiefelsen@mllaborlaw.com
Direct Dial: (516) 303-1391

August 11, 2016

**Via ECF**

Honorable Jack B. Weinstein, U.S.D.J.
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Zhirzhan, et al. et al v. AGL Industries, Inc., et al.
     Case No. 14-CV-7567 (JBW)(PK)
     **MLLG No.: 2-2015**

Dear Judge Weinstein:

  This firm represents defendants, Defendants, AGL Industries, Inc., Dominick Lofaso, Frank Lofaso, and Santo Lofaso ("AGL Defendants") in the above-referenced matter.

  The AGL Defendants write in opposition to Plaintiffs' August 8, 2016 request for a pre-motion conference regarding their anticipated motion to enforce an alleged settlement agreement. Plaintiffs anticipated motion has no merit.

  There is "a strong presumption against finding binding obligation in agreements which include open terms, call for future approvals and expressly anticipate future preparation and execution of contract documents." CAC Group Inc. v. Maxim Group LLC, 523 Fed. Appx. 802, 804 (2d Cir. N.Y. 2013)

  An analysis of the four (4) factors addressed in Winston v. Mediafare Entertainment Corp., 777 F.2d 78, 80 (2d Cir. 1985) establishes that there is no valid and binding settlement agreement to enforce.

  For several reasons, Plaintiffs cannot establish the first factor – whether there was an express reservation of the right not to be bound in the absence of a writing.

  "Under New York Law, if parties do not intend to be bound by an agreement until it is in writing and signed, then there is no contract until that event occurs. This rule holds even if the

Honorable Jack B. Weinstein, U.S.D.J.
United States District Court Eastern District of New York
August 11, 2016
P a g e | 2

parties have orally agreed upon all the terms of the proposed contract." R.G. Group, Inc. v. Horn & Hardart Co., 751 F.2d 69, 74 (2d Cir. 1984). Language expressing intention not to be bound in the absence of a written and signed agreement is given "considerable weight, as courts should avoid frustrating the clearly-expressed intentions of the parties." Ciaramella v. Reader's Digest Ass'n., 131 F. 3d 320, 324 (2d Cir. 1972); see also Gildea v. Design Distribs., 378 F. Supp. 2d 158, 161 (E.D.N.Y. 2005) (employee brought Title VII employment discrimination suit against former employer and employer moved to enforce oral settlement agreement reached with employee's counsel, Court reviewed unexecuted written document that contained clauses such as the Agreement "will be effective upon the last signing party's execution," and held that the oral agreement did not result in a binding settlement agreement because the employee refused to sign the written agreement.); Pelham Commons Joint Venture v. Village of Pelham, 308 A.D.2d 520, 521 (2d Dept. 2003) (affirming New York Supreme Court's summary judgment ruling, which dismissed a breach of contract claim because "the parties by their conduct have manifested their mutual intent not to be bound until execution of a formal contract," and therefore, no enforceable obligation ever arose.) "[I]f a party intends not to be bound until an agreement is memorialized in a fully executed document, 'no amount of negotiation or oral agreement to specific terms will result in the formation of a binding contract." Lindner v. American Exp. Corp., 2007 WL 1623119, *3-8 (S.D.N.Y. 2007)(in finding that an oral contract did not exist between the parties, the court held that plaintiff's statement on March 29, 2007 that he agreed to the "terms," was not indicative of his intent as defendant alleged, "to be bound at that moment.")

      Here, both parties discussed their desire to memorialize the terms into a written agreement and informed the Court that they would be doing so. It is indisputable that this conduct evinced a mutual intention not to be bound until each party executed the proposed settlement agreement. Moreover, the draft settlement agreement states that "the Agreement will not be binding on Released Parties, and Released Parties will not be obligated to provide the Payment until after authorized agents of the Company execute the Agreement." The Second Circuit has concluded that this language establishes that the parties did not intend to be bound until a written settlement agreement was executed by all parties. See Kaczmarcysk v. Dutton, 414 Fed. Appx. 354 (2d Cir. 2011).

      Additionally, the draft settlement agreement also contains a merger clause, which the Second Circuit has likewise concluded establishes that the parties did not intend to be bound until a written settlement agreement was executed by all parties. Id.

      Moreover, the draft settlement agreement allows the Plaintiffs to revoke their acceptance of the terms of the settlement agreement within seven (7) days after signing the agreement.

      Also, because Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015) requires court approval in order for FLSA claims to be dismissed with prejudice, courts routinely require written settlement agreements to be executed by the parties and submitted to the Court for review. Plaintiffs in the instant case allege violations of the FLSA.

Case 1:14-cv-07567-JBW-PK   Document 84   Filed 08/11/16   Page 3 of 3 PageID #: 755

Honorable Jack B. Weinstein, U.S.D.J.
United States District Court Eastern District of New York
August 11, 2016
P a g e | 3

Accordingly, there was an express reservation of the right not to be bound in the absence of a writing.

With respect to the second factor – whether there has been partial performance of the contract – "[a]ny partial performance must be accepted by the party disclaiming the alleged contract." Cruz v. Onesource, 2005 WL 2923517, *3 (S.D.N.Y. 2005). Plaintiffs cannot claim partial performance because Plaintiffs did not accept any settlement sum. See Ciarmella, 131 F.3d at 325 (Second Circuit found no evidence of partial performance where defendants had not paid money to plaintiff and had not provided plaintiff with a reference letter.) Here, because the parties never executed the proposed settlement agreement, the contingent event, Defendants' duty to pay, never transpired. Hence, Defendants, as a matter of law, could not have partially performed under the alleged settlement.

Plaintiffs cannot establish the third factor – whether all of the terms of the alleged contract have been agreed upon. Contrary to Plaintiffs' representation, Plaintiffs' proposed revisions to the AGL Defendants' draft settlement agreement contains terms about which the parties had not agreed which would require Defendant Dominick Lofaso to execute an affidavit of confession of judgment on behalf of defendants, jointly and severally, for the total amount of the settlement, even though Plaintiffs allege a substantial amount of damages for a breach of contract claim for which there is no personal liability. Dominick Lofaso did not agree to this term nor would he agree to pay a debt to which he cannot be held liable.

Plaintiffs concede the fourth factor – whether the agreement at issue is the type of contract that is usually committed to writing – weighs against them. Indeed, "[s]ettlements of any claims are generally required to be in writing or at a minimum, made on the record in open court." Gildea, 378 F.Supp.2d at 161 quoting Ciaramella, 131 F.3d at 326 (citing § 2104 of the Civil Practice Law and Rules of New York). Plaintiffs seek to enforce a verbal agreement for settlement and the parties never executed the draft written documents aimed at memorializing the verbal agreement. Hence, viewed in conjunction with the other Winston factors, this Court can only draw one conclusion: it is deemed that no binding settlement agreement exists between the parties in this case. Moreover, as discussed *supra*, not only are these sort of settlements typically reduced to writing, but agreements concerning FLSA claims are required to be submitted to the Court for approval.

Accordingly, Plaintiffs anticipated motion to enforce an alleged settlement agreement has no merit.

Respectfully submitted,

/s/ Jamie S. Felsen

cc:   All Counsel of Record (via e-mail)